JUDGE STITES
delivered the opinion op the court:
This was an action by the Northern Bank of Kentucky against the appellant, as administratrix of Noah Smith, deceased, who was drawer, and Peter Smith and Ben. Allen as indorsers, and John Richter as acceptor of a bill of exchange for $4,000, of which the bank was the holder.
Richter was never served with process. The other defendants answered severally, and denied the execution of the bill.
Upon the trial in the circuit court the jury returned a verdict for the defendants, Allen and Peter Smith, but against appellant. A new trial was asked for and refused, and a judgment entered, in conformity to the finding of the jury.
Of that judgment the administratrix now complains, and asks a reversal upon, two grounds: First. That the court improperly excluded evidence offered in her behalf: Second. That error was committed in allowing and refusing instructions.
It appears from the bill of exceptions that, during the progress of the trial, appellant and Peter Smith offered as a witness their co-defendant, Allen, and proposed to prove by him “that the signatures of Peter and Noah Smith were not *577 genuine, and that they never signed but one bill;” and also, that she and Allen then offered Peter Smith to prove the same facts with regard to Noah Smith and Allen. The court, however, refused to admit the testimony, and appellant excepted. The propriety of this ruling is the first point to be considered.
Prior to the adoption of the Civil Code of Practice the incompetency of one co-defendant, as a witness for another in an action at law, could not have been doubted. Whether the Code has altered the rule in this respect, so as to render a co-defendant competent in a case like the present, must depend upon the language and meaning of sub-division 6 of section 670, which is the only provision relating to the incompetency of witnesses on the score of interest. It declares incompetent “ persons interested in an issue in behalf of themselves, and parties to an issue in behalf of themselves or those united with them.” Unless, therefore, the witnesses offered come within one or the other of the classes named — there being no other objection — they were certainly competent.
The action was joint against the drawers and indorsers of the bill. The issues, however, though similar in character, were distinct and several. There was no joint issue in the case. Each defendant denied his own signature, and each defense was independent of the other. They were, it is true, disposed of at the same time and by the same jury, but they were none the less several. Neither defendant could, therefore, be regarded as united with his co-defendant in any of the several issues tried.
Were they interested in the issues in which they were called to testify ? Evidently not in a sense, nor to a degree, that rendered them incompetent. If they were accommodation makers, and by agreement were to stand as sureties, their interest was directly against the party who called them; because their liability as sureties or accommodation indorsers would certainly be diminished by holding as many as possible bound on the bill. If, however, they were not mere sureties, but were bound in the order in which they stood on the bill, still it was manifestly their interest to establish the liability of Noah Smith as drawer, who would thereby be directly responsible to them as indorsers, *578 and likewise tbe interest of each to establish the liability of the other, in order to divide the responsibility as joint indorsers, which attitude they occupied on the bill. So that, in any point of view»', the interest they had, if any, was directly against, and not in behalf of, appellant who called them. The effect which their evidence might have had in impeaching the general character of the bill, and which, to some extent, might have tended to support their own answers, did not render them incompetent —it could only have gone to their credibility.
It seems to us, therefore, that they were competent, and should have been allowed to testify, and that the circuit court erred in rejecting them.
But the inquiry arises whether, by the rejection of the evidence offered, the appellant has been in any wise prejudiced. If not, the error indicated cannot avail for reversal.
Let us see. The evidence introduced upon the tidal showed very clearly the following facts: That all the parties had, prior to the date of the bill sued on, for the accommodation of Richter made a bill for $800, which, in consequence of some, informality, was not negotiated. That, when Richter was informed of this, he made the bill sued on, and, without the knowledge of Peter Smith or Allen, placed their names upon it as indors-ers. That, after the dishonor of the bill, he made a deed of trust to indemnify the indorsers and Noah Smith, the drawer, which was afterwards assailed by other creditors of Richter upon the ground of fraud, and who made the two Smiths and Allen parties defendant to the proceeding. That all of them admitted, in their answers to this suit, (which were sworn to,) their liability upon the bill sued on, as sureties of Richter, relied on the deed for their indemnity, and insisted that it was made in good faith.
It likewise was proved — and about this there was no opposing evidence — that the bill sued on was shown to Noah Smith, who was told, in the presence of Peter Smith and Allen, that they denied their signatures, to which he replied — pointing to his signature and holding the bill in his hand — that that signature was his, and that the other signatures were those of his father and uncle — remarking at the same time, and in the *579 presence of several witnesses, who testified on the trial, “ that they would all have to pay the bill, if they broke rock to do it.” Besides, it seems that there was no evidence whatever tending to show that Noah Smith, at any time during his life, ever controverted either his signature or his liability on the bill.
Now the evidence which was rejected, giving it all possible effect, could only have proved that the signature of Noah Smith was not made by him, and that the other parties only united with him in making one bill. Would this, or could it, have defeated a recovery against Noah Smith, notwithstanding the answer in chancery and his express recognition of his signature, and liability upon the bill, after its dishonor, and when it was shown him ? It may have been true that the others did not, as they were asked to prove, unite with him in making but one bill, but it certainly did not follow that he had not alone drawn the'bill in question. It may have been true that the signature was not his, and nevertheless true, as he effectually admitted, that he was the drawer. His name, if signed by Richter with his assent, would have certainly had the same effect as if signed by himself.
It seems to us that in no aspect of the case could the rejected evidence have militated successfully, if at all, against the recovery had by appellee, and that the error in its exclusion did not operate to the prejudice of appellant.
Nor was there, in our opinion, any error committed by the court in refusing to say to the jury “ that they must believe all that was said by the defendants in the conversations proved by the plaintiff.” On the contrary, we think the court properly informed them that they had the right to consider and give due weight to all the evidence before them. Whether they credited the defendant’s statements or not was in their discre-’ tion; if they thought them unworthy of belief, they had the right, of course, to disregard them.
But appellant cannot complain of this instruction; for all the statements made by her intestate, with regard to the bill, were directly in favor of appellee.
*580 Tbe instruction with regard to the ratification of the bill or the acts of Richter was in apt words and contained the law. And we have been unable, after a full consideration of the whole case, to discover any error of which appellant can rightfully complain.
As to the cross-appeal of the Bank against Peter Smith and Allen, it is only necessary to remark that cross-appeals are only allowable in behalf of the appellee against the appellant, and not against a co-appellee.
The judgment of the Northern Bank against the adminis-tratrix of Noah Smith, deceased, is, for the reasons stated, affirmed.