CASE 16.—ACTION FOR NEGLIGENT DEATH BY LOGAN
EVANS' ADMR. AGAINST THE CINCINNATI, NEW
ORLEANS & TEXAS PACIFIC RAILWAY AND AN-
OTHER.—May 27.

# Cin., N. O. & T. P. Ry. Co. v. Evans' Admr.

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiff, defendant appeals — Re-
versed.

1. Trial—Statement to Jury—Duty to Make—Discretion.—Under
Civ. Code Prac. section 317, requiring a trial to "proceed in
the following order, unless the court, for special reasons,
direct otherwise, (1) plaintiff must briefly state his claim and
the evidence which he expects to sustain it," it was not an
abuse of discretion to refuse to require plaintiff to make a
statement to the jury of the facts he expected to prove.

2. Evidence—Res Gestae—Railroad Accident.—In an action against
a railway company for death of a brakeman thrown from the
top of a freight car by a sudden stopping of a train, plaintiff
could show that, upon being informed of the accident imme-
diately after it occurred, the engineer said: "That is the way
whenever I get mad.  I either hurt or kill somebody."

3. Trial—Witnesses—Credibility—Province of Jury.—The credi-
bility of witnesses is for the jury.

4. Removal of Causes—Motion to Remove—Time for Making.—
Under the act of Congress requiring a motion to remove a
cause to be made when or before defendant is required to
answer a motion to remove an action against a railway com-
pany and its employe made at the close of plaintiff's evidence,
and after a verdict had been directed for the employe, was
properly denied as being made too late.

5. Master and Servant—Railroads—Death of Brakeman—Question
for Jury.—In an action against a railway company for death of
a brakeman thrown from the top of a freight car by a sudden

stopping of a train, held proper, under the evidence, to refuse to direct a verdict for the company.

6. Pleading — Prayer — Amendment.—Where a petition averred $20,000 damages to plaintiff, but, apparently through a clerical error, failed to ask relief, concluding with the words, "for all proper and general relief," where no objection had been made to the petition because it did not ask relief, and the reply contained a sufficient prayer, plaintiff was properly allowed to file an amended petition asking judgment for $20,000 on defendant first calling attention to the defect under a motion for a directed verdict at the close of the evidence.

7. Removal of Causes—Motion to Remove—Effect of Amendment of Petition.—A motion to remove a cause made at the close of the evidence and after plaintiff was allowed to file an amended petition asking judgment for the amount of damages alleged in the petition which the petition apparently through clerical error omitted to ask, was properly overruled, as the amendment did not change the cause of action nor affect defendant's appearance.

8. Death—Negligent Death—Degree of Negligence.—Under Ky. St. 1903, section 6, giving a cause of action for a death caused by another's "negligence," gross negligence need not be shown.

9. Trial—Instructions—Province of Court and Jury.—Instructions on an action for negligent death are erroneous where they submit both the law and the facts for the jury's determination.

10. Master and Servant—Brakeman Thrown from Car—Negligence.—If a locomotive engineer negligently gave a car on which a brakeman was standing an unusual and unnecessary jerk, so violent as to show want of ordinary care for the brakeman's safety, resulting in the brakeman's being thrown from the car and killed, and if the brakeman was performing his duty and using ordinary care for his safety, the company is liable; but, if the engineer stopped the train in a usual manner in obedience to a signal from the head brakeman, or if decedent believed the engine had been uncoupled from the cars, and the accident was due to such misunderstanding and not to the engineer's negligence, or if the brakeman was not on the car in the performance of his duty, the company is not liable.

11. Negligence—"Ordinary Care" Defined.—Ordinary care is such care as one of ordinary prudence usually exercises under given circumstances.

12. Same.—Negligence is the want of ordinary care.

13. Master and Servant—Railroads—Assumption of Risk.—When decedent became a railway brakeman, he assumed all the

risks of the employment as usually conducted, including the negligence of his fellow brakeman and jerks of cars resulting from the taking up of the slack in the movement of cars made with ordinary care by the engineer.

O. H. WADDLE & SON and GALVIN & GALVIN for appellant.

POINTS AND AUTHORITIES.

1. It was prejudicial error for appellee to refuse to state his claim and the evidence by which it was expected to sustain it, and for the court to refuse to require him to do so and require the trial to proceed. (Civil Code of Practice section 317, subsection 1.)

2. It was error after sustaining the motion of appellant's co-defendant for a peremptory instruction in his favor to refuse to then require the verdict of the jury to be rendered as to him.

3. The time within which a removal of a case from a state to a federal court must be applied for, is not jurisdictional, but modal and formal, and where a petition and bond for removal is presented in proper form at the earliest time such case becomes removable. (Dudley v. Illinois Central Railway, 29 Ky. Law Rep., 1029; Underwood's Admr. v. I. C. R. R. Co., 31 Ky. Law Rep., 595 (103 S. W., 322); Illinois Central Railway Co. v. Sheegog's Admr., 31 Ky. Law Rep., 691 (103 S. W., 323); Powers v. C. & O. Ry. Co., 169 U. S. (L. Ed.), 673.)

4. As appellee's petition contained no prayer for specific relief, no recovery could be had thereunder. (Civil Code of Prac., 90; Bank of Russellville v. Coke, 20 Ky. Law Rep., 291; Bowman v. Ray, 25 Ky. Law Rep., 2131.)

In all trials before a jury the defendant is entitled to a peremptory instruction, where from every reasonable construction of the evidence plaintiff has not shown a right of recovery. (Thomas v. L. & N. R. R. Co., 18 Ky. Law Rep., 164; C., N. O. & T. P. Ry. Co. v. Jackson, 22 Ky. Law Rep., 630; Illinois Central R. R. Co. v. Vinson, 25 Ky. Law Rep., 652.)

6. If the petition in an action for negligence specifies the negligence complained of, the plaintiff can not recover upon showing a different character of negligence. (Thomas v. L. & N. R. R. Co., 18 Ky. Law Rep., 164.)

7. The evidence conclusively showing that the jerking of the train which it is claimed caused the injury was but the usual and ordinary jerking under such circumstances and that the cars were being handled prudently in the ordinary and usual way no recovery can be had. (C., N. O. & T. P. Ry. Co. v. Jaskson, 22

Cin., N. O. & T. P. Ry. Co. v. Evans' Admr.

Ky. Law Rep., 630; Illinois Central R. R. Co. v. Vinson, 25 Ky. Law Rep., 652.)

8. No recovery can be had for personal injury by a servant against the master, resulting from the negligence of a fellow-servant.

9. To make a declaration competent as part of the res gestae it must be made at the same time the main facts under consideration takes place.   (McLeod, Receiver v. Ginther's Admr., 80 Ky., 399; Early's Admr. v. L., H. & St. L. Ry. Co., 24 Ky. Law Rep., 1807; I. C. R. R. Co. v. Houchins, 31 Ky. Law Rép., 93, and authorities there cited; Floyd v. Paducah Railway & Light Co., 23 Ky. Law Rep., 1077.)

10. Where the engineer is acting under the signals of the brakeman, the conductor not being present, the railroad company is not liable for injury to one brakeman resulting from the ·negligence of another brakeman.   (L. & N. R. R. Co. v. Sullivan's Admr., 25 Ky. Law Rep., 854.)

11. Any conduct of a plaintiff or his counsel knowingly committed, which is calculated to evoke prejudices and passions of the jury, should be condemned.

SHARP, BETHURUM & COOPER for appellee.

CATRON & TARTAR, HAZELRIGG, CHENAULT & HAZELRIGG and WM. M. CATRON of counsel.

The general rule is that all declarations made at the same time the main fact under consideration takes place, and which are so connected with it as to illustrate its character, are admissible as original evidence, being what is termed a part of the res gestae; in other words, a part of the thing done.

The question of the negligence of a fellow servant does not enter into the consideration of this case at all.   The negligence complained of by the appellee is the negligence of the engineer, a superior servant of the defendant, in jerking, and improperly handling the engine and cars of the appellant, and not the negligence of the brakeman in giving signals.   The instructions given by the court to the jury, in our opinion, clearly and correctly presented the law in the case, and are so free from error that we deem it unnecessary to cite authority to uphold them.

On the question of the refusal of the plaintiff to state his case to the jury, we submit that it was a right peculiarly belonging to the plaintiff, which could clearly be waived, and do violence to none of the rights of the appellant, and especially so when the burden of proof was on us, and there is nothing shown in the

record that the other side was in any way surprised, or shown to have suffered by reason thereof.

### AUTHORITIES CITED.

Gordon v. Louisville Railway Co., 19 Ky. Law Rep., 1959; Dudley v. I. C. R. R. Co., 29 Ky. Law Rep., 1029; Underwood's Administrator v. I. C. R. R. Co., 31 Ky. Law Rep., 595; I. C. R. R. Co. v. Sheegog's Admr., 31 Ky. Law Rep., 691; Powers v. C. & O. Ry. Co., 169 U. S., 673, 2 Metcalf 240; Wedekind v. Southern Pacific Co., 36 Fed., 279; Browning v. Reed, 39 Fed., 625; Kansas City Ft. S. & R. Co. v. Daugherty, 138 U. S., 298; Whitcomb v. Smithson, 175 U. S., 635, 44 L. Ed., 31 Ky. Law Rep., 844; McLeod, receiver v. Ginther's Admr., 80 Ky., 399; Floyd v. Paducah Railway Co., 23 Ky. Law Rep., 1077; L. & N. R. R. Co. v. Foley, 94 Ky., 220; 3880 Boxes of Opium v. U. S., 23 Fed., 367; I. C. R. R. Co. v. Cane's Administrator, 28 Ky. Law Rep., 1018.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Logan Evans was a brakeman on a freight train in the service of the Cincinnati, New Orleans & Texas Pacific Railway Company. When the train reached a station called Flat Rock, the conductor was notified by the station agent to move a car which stood on the side track, and put it at another point for loading. There were 10 or 12 cars in front of this car. So, to do what was wanted, they cut the engine off from the train, and went in with it on the side track and coupled to the cars. They then pulled out these cars, having the car they wanted to move at the rear, and backed it on the main track, where Evans cut off this car from the others; the plan being to put the other 10 cars back on the side track, and then to come back with the engine and get this car and put it at the place where it was needed. After Evans had cut off the car, the engine pulled up the main track with the

other 10 cars beyond the switch, and the brakeman, who was still at the switch, turned it and signaled the engineer to back down on the side track. This he did, and when the cars were backed in on the side track, and reached the point where Evans was standing, he got up on the car farthest from the engine and was standing about the middle of the car, when a man named Williams, who was loading a car a little lower down, called to him not to let those cars bump against the car he was loading. At this Evans started to the brake at the rear end of the car, and, when he was within 10 or 15 feet of the brake, the engineer stopped the engine, giving the car on which Evans was such a jerk that he was thrown over the end of the car, although he was 10 or 15 feet from it. He tried to catch on the brake, but his hold broke, and he fell over the end of the car, and was run over and killed. This suit was filed by his administrator against the railroad company and the conductor of the train on the ground that his death was caused by their negligence. At the conclusion of the evidence for the plaintiff, the court instructed the jury to find a verdict for the conductor, and, the case being submitted as to the railroad company on all the evidence, the jury found a verdict against the railroad company for $7,500. From the judgment entered on the verdict, the railroad company appeals.

When the case was called for trial, the plaintiff's attorney declined to make a statement to the jury of the facts which he expected to prove. The defendant's attorney objected to this, and asked the court to require the plaintiff to make a statement. The court declined to do so, and the defendant excepted. Section 317 of the Civil Code of Practice is as follows: "When the jury has been sworn the trial shall

proceed in the following order, unless the court, for special reasons, direct otherwise: (1) The plaintiff must briefly state his claim and the evidence which he expects to sustain it. (2) The defendant must then briefly state his defense and the evidence he expects to offer in support of it. (3) The party on whom rests the burden of proof, in the whole action, must first produce his evidence; the adverse party will then produce his evidence. (4) The parties will then be confined to rebutting evidence, unless the court, for good reasons in furtherance of justice, permit them to offer evidence in chief.''

What statement of facts the plaintiff's counsel will make is necessarily a matter for him to decide. He can make it more or less elaborate as he sees proper. Often in practice the statement is made by simply reading the petition to the jury or by stating the substance of it. The court will not usually control the brevity of the statement the counsel may make; that is, he may make it as brief as he pleases, and therefore the making of the statement is ordinarily a matter left entirely within the discretion of counsel. Our observation is that in practice the making of the statement is a matter to be determined by counsel, and that the section of the Code is regarded as prescribing the order of the proceeding, rather than as requiring a full statement of the facts to be made by counsel. At any rate, it is a matter resting in the sound discretion of the court, and we do not see how the defendant's substantial rights were injured by the action of the court in refusing to require the counsel to make a statement of the facts which he expected to prove. It is provided in the section that the party on whom rests the burden of proof in the whole action must first produce his evidence. But manifestly if he de-

clined to introduce evidence, the court would not require him to do so. The purpose of the Code in providing that the parties should each state his case to the jury is to aid the jury in understanding the facts of the case. The court in its discretion might direct the counsel to make a statement or to make a more full statement when he deemed it necessary. But his discretion in a matter of this sort will not be reviewed by this court unless abused.

The plaintiff introduced as a witness on the trial Fred C. Crouch, who said that he was sitting about 30 feet from the track and saw Evans thrown from the car and run over; that he at once went to the engine, reaching the engineer in about a minute, and told him he had killed one of his brakemen back there; that the engineer then said: "That is the way whenever I get mad. I either hurt or kill somebody." The defendants objected to this evidence, and moved the court to exclude it from the consideration of the jury. The court refused to exclude the evidence, and to this they excepted. In McLeod v. Ginther, 80 Ky. 399, 4 Ky. Law Rep. 276, there was a collision between two passenger trains. To the first man who met him the conductor of one of the trains said: "I had until 10:10 to make Beards." The evidence was held competent. In L. & N. R. R. Co. v. Shaw, 53 S. W. 1048, 21 Ky. Law Rep. 1041, Shaw had fallen from a passenger train. A man near by heard his cries, and went to him. What he then said to this man, the first person to reach him while the departing train was still in sight, was held admissible as res gestæ. In Brown v. Louisville R. R. Co.., 53 S. W. 1041, 21 Ky. Law Rep. 995, the declarations of the plaintiff at the place where she fell were admitted, but her declarations while passing down the street on her way home were rejected. In

Floyd v. Paducah R. R. Co., 64 S. W. 653, 23 Ky. Law
Rep. 1077, the declarations of the motorman at the
place of the collision just after the accident were
admitted. In L. & N. R. R. Co. v. Molloy, 91 S.
W. 685, 28 Ky. Law Rep. 1113, 122 Ky. 219, a
passenger train struck a vehicle at a public cross-
ing. What the driver of the vehicle said to the
first man who got to him and who ran to him as soon
as he could was allowed as res Gestæ. In Rex v. Fos-
ter, 6 C. P. 325, a statement made by the deceased as
to the cause of the accident as soon as he was picked
up after he had been run over was admitted as res
gestæ. In Insurance Co. v. Mosley, 8 Wall (U. S.)
397, 19 L. Ed. 437, the deceased went down stairs, and,
when he returned to his room, complained of his head
hurting him, and said that he had fallen down the
steps. The evidence was admitted as part of the res
gestæ. We do not see how this case can be distin-
guished from those cited. The statement of the
engineer was in effect a declaration that he was mad,
and that the jerk of the train which threw Evans off
was due to this fact. It was not a bare expression of
opinion, for the engineer was in charge of the engine,
and the engine had given the jerk which threw Evans
off. The thing that he was explaining was how he
came to give the train such a jerk. It is earnestly
insisted that the evidence is wholly incredible, but the
credibility of the witnesses is for the jury. If the
evidence was competent, it was properly admitted.

At the conclusion of the evidence for the plaintiff,
the conductor, John Bowman, moved the court to
instruct the jury to find for him. The court sustained
the motion, and, when this had been done, the railroad
company filed its petition and moved the court to
transfer the case to the circuit court of the United

States. The court overruled the motion on the ground that it came too late. The act of Congress provides that the motion may be made in the State court "at the time or at any time before" the defendant is required to answer. The defendant had filed its an-swer at the previous term, and, by not making the motion then to transfer the case to the United States court, had waived its right to such transfer. Although the conductor was made a defendant, the railroad company might then have filed its petition, and, if it appeared later that there was no reasonable ground for uniting the conductor in the suit, the court would have ordered the action transferred. But the defend-ant can not answer without objection and go through a large part of the trial, and then for the first time make a motion of this sort. The case of Whitcombe v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303, is conclusive on this point. The conductor was evidently joined as a defendant on the ground that Evans would not have been hurt if the engine had been cut off from the cars before it was started back, and that the conductor should have done this. But the proof on the trial showed that the conductor had simply told the brakeman what to do, and that he was taking no part in the movement of the train. There was a failure of proof as to the conductor, but the railroad company should have made its motion to transfer the case at the proper time. In that way it would have preserved its rights. Dudley v. I. C. R. R. Co., 96 S. W. 835, 29 Ky. Law Rep. 1029; Under-wood v. I. C. R. R. Co., 103 S. W. 322, 31 Ky. Law Rep. 595. But it could not without objection to the jurisdiction of the State court file answer to the merits, and, after obtaining the judgment of that court on all the questions arising in the case down to the

close of the plaintiff's testimony, then ask the removal
of the case to another court that it might there reliti-
gate all the questions on which the judgment of the
State court had been unfavorable to it.  If the objec-
tions to the testimony which were made by the defend-
ant had all been sustained, little would have been left
of the plaintiff's case.  Without asking a removal
from the State court, it went to trial in that court,
and attempted to win its case there.  When the rul-
ings of the court were unfavorable to it, it could not
withdraw the appearance it had entered unequivocally,
and ask a removal of the case to the United States
court to retry these matters there.  When the motion
to remove the case to the circuit court of the United
States was overruled, the railroad company moved the
court to instruct the jury peremptorily to find for it.
This motion was properly overruled by the circuit
court, as there was evidence tending to show that
Evans while in the discharge of his duty on the top
of the car was by a sudden jerk of the train thrown
10 or 15 feet and over the end of the car, that such a
jerk is unusual, and that there was nothing in the
situation to require any such handling of the train by
the engineer.  After its motion for a peremptory
instruction was overruled, the defendant introduced
its evidence which tended to show that there was no
unusual jerk of the train; that the movements of the
train were directed by the head brakeman, who was
the fellow-servant of Evans; that the train was
stopped in obedience to his signals and when the engi-
neer did not know that Evans was on it.  There was
evidence also tending to show that Evans was under
the impression that the engine had been cut loose
from the cars, and that the cars were simply being
kicked in by the engine; that he was under the impres-

sion that the cars would run until he stopped them with the brake, and that he was not on the lookout for the engine to stop them; that there is always more or less slack in a train; and that, when the slack is taken up, there is more or less jerk in the cars farthest from the engine. At the conclusion of the evidence the defendant renewed its motion for a peremptory instruction, and then called the court's attention to the fact that the plaintiff's petition contained no prayer for relief. The petition showed that the estate of the deceased was damaged in the sum of $20,000. It then concluded with these words: "For all proper and general relief." No objection had been made to the petition on the ground that it did not contain a prayer for relief. The reply contained a sufficient prayer. As defense had been made and the proof had been heard, it might well be argued under section 90 of the Civil Code of Practice that the omission in the petition was not material. But it is not necessary for us to determine this question. The court allowed the plaintiff to file an amended petition in which he prayed judgment for $20,000. In this there was no error. The amended petition corrected what was apparently a clerical error in the petition, made, perhaps, by the copyist. It was not in any sense a material change. The cause of action was the same before it was filed as after. After the amended petition was filed, the defendant renewed its motion to remove the case to the circuit court of the United States. This motion was properly overruled, as the amended petition in no way affected the appearance which the defendant had entered to the action.

The court instructed the jury, in substance, that, if Evans' death was caused by the gross negligence of the engineer, they should find for the plaintiff, pro-

vided Evans was at the time in the performance of
his duty as brakeman, and exercising ordinary care
for his own safety.  In requiring gross negligence on
the part of the engineer the court was in error.  Where
a person does not die and sues to recover on account
of the negligence of his superior servant who is en-
gaged in the work with him, under the rule laid down
in this State, gross negligence must be shown.  But
this action was brought to recover for the death of
Evans under the statute, and the statute authorizes a
recovery for negligence, although it may not be gross.
Ky. Stats., 1903, section 6; I. C. R. R. Co. v. Coleman,
59 S. W. 13, 22 Ky. Law Rep. 878; Southern Railway
Co. v. Otis, 78 S. W. 480, 25 Ky. Law Rep. 1686; Cin-
cinnati R. R. Co. v. Cook, 113 Ky. 167, 24 Ky. Law
Rep. 2152, 67 S. W. 383.  In this respect the instruc-
tions are more favorable to the railroad company than
they should have been.  But the instructions are sub-
ject to this objection: That they submit both the law
and the facts to the jury.  The law of the case is to
be determined by the court.  The jury are simply to
find the facts.  The instructions of the court here fail
to inform the jury what the law of the case is.  In lieu
of instructions 1, 3, 4, A and B, given, the court should
by its instruction in substance have laid down to the
jury these propositions:   (1) If the engineer negli-
gently gave the cars a jerk which was unusual, unnec-
essary, and so violent as to show a want of ordinary
care on his part for the safety of the brakeman in
charge of the train or on it, and by reason of this
this Evans, while in the performance of his duty as
brakeman and exercising ordinary care for his own
safety, was thrown from the car and run over and
killed, they should find for the plaintiff.  (2) Ordinary
care is such care as a person of ordinary prudence

usually exercise under like circumstances. Negli-
gence is the want of such care. (3) If the engineer
received a signal from the head brakeman to stop the
train and in obedience to this signal, and as required
by it he stopped the train in the usual manner where
such a signal was given, or if Evans·was under the
impression that the engine had been cut off from the
cars, and the accident to him was due to this misun-
derstanding on his part, and not to the negligence of
the engineer as defined in No. 1, or if he was not on
the car in the performance of his duty as brakeman,
then, in any of these events, the jury should find for
the defendant. (4) Evans, when he entered the serv-
ice of the railroad company as a brakeman, assumed
all the risks of the employment as usually conducted,
including the negligence of his fellow brakeman and
such jerks of the cars as resulted from the taking up
of the slack in the movements of the cars made with
ordinary care by the engineer. The instructions given
on the trial do not sufficiently present the defendant's
side of the case. The defendant is not liable to Evans
for the negligence of his fellow brakeman; and, if the
stop was made at his direction and as required by him,
the plaintiff can not recover. So, too, if Evans thought
the engine had been cut off from the cars, and, acting
under this mistake, was off his guard and thus
brought about the accident, there can be no recovery;
for the engineer was in no wise responsible for this,
and it is only for his negligence that the plaintiff may
recover, as there was no negligence on the part of the
conductor.

Judgment reversed, and cause remanded for a new
trial.