## Roberts v. Louisville Railway Company.

(Decided February. 2, 1916.)

(Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division). .

1. Judgment—When Will Not be Reversed.—A judgment will not be reversed for an error in rejecting or admitting evidence, unless the error is one which prejudiced the substantial rights of a party.

2. Evidence—Res Gestae.—A declaration made by an injured person as to the cause of his injury within one minute after his injury, and while he is being assisted to his feet by the first persons who came to his assistance is admissible as evidence in his behalf. as being a part of the thing which occurred.··

J. C. O'CONNOR and W. PRATT DALE for appellant.

STRAUS, .LEE & KRIEGER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

·The appellant, J. H. Roberts, alleging that·on February 12, 1914, while he was a passenger on one of the appellee's, Louisville Railway Company's cars, that when near the intersection of Tenth and Broadway Station, in the city of Louisville, he was· caused, by the gross negligence of ·the appellee's agents ·and servants, who were operating the car, by a sudden, violent jar and jerk of the car, to be thrown backwards· over the dashboard to the street with such·force that his collar bone was broken, and that he was otherwise permanently injured and sought to recover a judgment for damages against the company. ·

The appellee traversed the averments of the petition and in addition relied for a defense upon·the contributory negligence of appellant. The contributory negli-· gence alleged was controverted by a reply.

Upon the trial the jury returned a verdict for the railway company, and appellant's motion for a new trial being overruled, he has appealed to this court and relies for a reversal of the judgment upon the ground that the court erred to the prejudice of his substantial rights by excluding from the consideration of the jury competent evidence, which was given in his behalf.

The appellant claimed that he was standing upon the rear platform of the car and leaning against the rail or dashboard, at the rear end of the car, and when the car stopped in front of the Union Station to discharge passengers, he had not yet arrived at his destination, and he was intending to continue on the car, and when it started from that place it did so with a jerk, and after it had moved a short space it gave a violent jerk, which caused him to fall backward over the rail into the street, and he introduced other witnesses, who corroborated his account of the incident. The petition did not allege that the jerk, which the car gave, was unnecessary, in its operation, but the case was tried as though such allegation was in the petition and the instructions given by the court embraced the requirement, that in order to recover the jerk must have been violent, unusual and unnecessary, and no complaint is now made of the instructions given by the court.

John O'Donnell, who was a policeman doing duty about the Union Station, was introduced as a witness for the appellant. He testified that his attention was attracted just in time to see appellant strike the ground, but he was unable to see what was the cause of his falling or from what place he fell. He proceeded to him immediately and within about one minute from the time he saw him fall upon the ground; that he did not fall upon his shoulders first. When he arrived at the place where appellant was, another was also there, and had taken hold of one of appellant's arms, while he, O'Donnell, took hold of the other arm, and O'Donnell said: "What is the trouble here?" Appellant answered, "I fell off that car." No objection was offered to this statement at the time it was made by the witness O'Donnell when he was testifying in chief, and in fact the attorney for the appellee called attention to the statement in his cross-examination. Thereafter O'Donnell was introduced by the appellee to prove other facts in support of the defense, when appellant's attorney asked O'Don-

nell to reiterate the statement as to what the appellant had said in regard to falling off the car. The appellee, at this point, objected to the testimony and the court sustained the objection, and directed the jury not to consider the statement which appellant had made to O'Donnell, namely: "I fell off that car." The ruling of the court was excepted to by the appellant and this is the error complained of.

There is no doubt that the declaration of appellant, made at the time and place and under the circumstances, was competent and relevant to be given in evidence for him. The rejected evidence was competent for what it was worth as part of the *res gestae.* The general rule is, that all declarations made at the same time the main fact under consideration takes place, and which are so connected with it as to illustrate its character, are a part of the things done, and are admissible as original evidence, whether made by the party in interest or some one else. The declaration of an injured party, under such circumstances, is admissible upon the theory that in point of time they are so nearly contemporaneous with the main fact, that there has been no time in which to concoct falsehood and fraud and self-serving declarations, and that such declaration is undesigned. McLeod v. Ginther, 80 Ky., 403; Dills v. May, 3 R., 765; Sherley v. Billings, 8 Bush, 147; L. & N. R. R. Co. v. Malloy, 122 Ky., 219; I. C. R. R. Co. v. Houchins, 125 Ky., 483; L. & N. R. R. Co. v. Messer, 164 Ky., 218; Petrey v. Cartwright, 114 Ky., 103; Fidelity & Casualty Co. v. Cooper, 137 Ky., 544; C., N. O. & T. P. Ry. Co. v. Evans, 129 Ky., 152; L. & N. R. R. Co. v. Strange's Admr., 156 Ky., 439; L. & N. R. R. Co. v. Shaw's Admr., 21 R., 104; L. & N. R. R. Co. v. Earle's Admr., 94 Ky., 368; Brown v. Louisville Railway Co., 21 R., 995.

The question, however, arises, that, although the rejection of the declaration of the appellant, above named, was error, and that it should not have been excluded by the court, was the error prejudicial to the substantial rights of appellant?

Section 134, Civil Code, provides:

"The court must, in every stage of the action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Section 338, Civil Code, says:

"No exception shall be regarded, unless the decision to which it relates be prejudicial to the substantial rights of the party excepting."

Section 756, Civil Code, provides as follows:

"Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof." * * *

In Smith's Admr. v. Northern Bank of Kentucky, 1 Met., 575, this court refused to reverse a judgment where the court below had erred in rejecting the testimony of certain witnesses, holding that the error did not substantially affect the rights of the party complaining, because there was other evidence in the case of such character and such facts shown that the rejected evidence could not have prevailed against it. In the case of Tudor v. Tudor, 17 B. M., 387, this court was asked to reverse a judgment because of error made by the trial court in rejecting certain testimony. A reversal of the judgment, on account of the error in rejecting the evidence, was denied and the court based its judgment upon the fact that there was other evidence in the case which conduced to prove the same facts as the rejected evidence was offered to prove.

In the case at bar the issue was not whether or not the appellant fell from the car, but the issue was, as to whether or not he was caused to fall by a violent, unusual and unnecessary jerk made by the car and caused by the negligence of those operating the car. If he fell from the car for any other reason than from a violent, unusual and unnecessary jerk made by it, the appellee would not be culpable. The theory advanced by the appellee was that appellant fell from the car, if he fell from it at all, by reason of his own negligence and not on account of any unusual movement of the car. Upon the trial twelve witnesses were introduced, who were present, or in sight, when the accident occurred, which resulted in the injury to appellant. Two witnesses besides appellant gave testimony to the effect that he fell backwards out of the car, and by one witness, besides himself, the appellant proved that the car made a jerk just after starting to move, which threw him backwards over the dashboard into the street. The persons operating the car testified that the car made no violent, unusual or unnecessary jerk, and that if any one was

thrown from the car or fell out of the car they had no knowledge of it. Another witness, who stood upon the rear platform of the car within the loop, according to his representations, testified that no one fell out of the car at that point. Other persons nearby, who had opportunity to see what occurred, gave testimony to the effect that they saw no one thrown from the car, although they saw the appellant fall into the street.

The declaration made by appellant to O'Donnell, "I fell off that car," is not inconsistent with the contentions of the defense in the case, and it could be entirely true that he did fall off the car and yet have no cause of action against the appellee, if his fall resulted from his own negligence and carelessness, and not from a violent, unusual and unnecessary jerk of the car. There is a very apparent difference in the declaration of appellant and the one made by the plaintiff in the case of Brown v. Louisville Railway Co., *supra*. In the latter case the declaration was that her fall was caused by the driver of the car starting it while she was in the act of alighting from it. In L. & N. R. R. Co. v. Earle's Admr., *supra*, the declaration was, that the accident was caused by the fool fireman, etc., and in L. & N. R. R. Co. v. Shaw's Admr., *supra*, the declaration made by the injured party was, that he had been kicked off the train, and in L. & N. R. R. Co. v. Strange's Admr., *supra*, the declaration was, "Cap., they jerked me off." These declarations illustrate the culpability of the parties charged with the cause of the injury, while the declaration made by the appellant, in the case at bar, and the exclusion of which from the consideration of the jury, is complained of, does not illustrate the nature of the act which caused him to be injured, in any way, further, that it was caused by a fall from the car, and is as consistent with the theory of the appellee as that of the appellant, as to how the injury occurred. Hence, considering the evidence which was heard and which went to the jury without objection, and the nature of the excluded declaration, and the issue which was being tried, while the exclusion of the rejected declaration was an error, and it should have been permitted to go to the jury for what it was worth, it is impossible to see how its exclusion could have affected the result of the trial, or have been prejudicial to the substantial rights of the appellant.

The judgment is therefore affirmed.