## Montford v. Commonwealth.

(Decided October 17, 1922.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Intoxicating Liquors—Arrest Without Warrant.—An officer of the United States government as well as a state officer engaged in the enforcement of the prohibition laws has no right to arrest an individual driving an automobile or to search his car for liquors, unless such officer has a warrant so to do, or the liquors are exposed to view, and the officer thus obtains the information, in which event he has a right and it is his duty to make the arrest.

2. Criminal Law—Accidental Killing by Prohibition Enforcement Officer—Intoxicating · Liquors—Arrest Without Warrant.—Where an officer in good faith attempts to apprehend a person under suspicion of having in his car moonshine liquors, and the person attempts to escape in his car but is overtaken and brought to a stop and is directed to get out of his car and put up his hands, and thereafter while the attention of the officer is called in another direction the accused person attempts to make an escape and the officer tells him he will have to handcuff him, and with a pistol in his hand directs the alleged offender to put forth his arms to receive the handcuffs and the offender to avoid being handcuffed moves his arms and the officer while' yet holding his cocked pistol in his hand undertakes to put the handcuffs on the accused, and in the struggle which ensued the pistol was discharged, the bullet takes effect in the head of the accused, fatally wounding him, it was not proper for the court to peremptorily instruct the jury that the officer had a right to make such an arrest without a warrant, especially in view of · the fact that there was no evidence tending to show that the officer, or any of his posse, knew for a certainty that the automobile which the accused was driving contained liquors and that he was violating the prohibition laws in their presence.

3. Criminal Law—Accidental Killing by Prohibition Enforcement Officer—Arrest Without Warrant—Trial—Instructions.—A prohibition enforcement officer may make an arrest of any person who is unlawfully transporting liquors in his presence if the fact be known to the officer; but if said fact be not known to him and his attempt to make the arrest is based alone upon suspicion, the officer is not entitled on a trial for shooting and wounding another to an instruction that he had a right to make such an arrest without a warrant.

JOSEPH SALINGER and B. J. BETHURUM for appellant.

CHAS I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The indictment accuses appellant Montford of the crime of voluntary manslaughter committed by killing one Charles F. Lockard in April, 1922. Appellant was a Federal prohibition enforcement officer regularly engaged in finding and arresting violators of the Volstead act, while Charles F. Lockard at the time of his apprehension and death was unlawfully engaged in the liquor traffic, and was at the time transporting a large quantity of moonshine liquor in an automobile through the streets of Louisville. He was under suspicion and when the Federal officers saw him driving the car they ordered him to halt, and upon his failure to do so gave chase by automobile. After pursuing deceased for some distance they overtook and apprehended him. Appellant Montford, pointing a pistol at Lockard, directed him to get out of his car and throw up his hands, which he did. Appellant's attention being called momentarily to his automobile, deceased attempted to jump in his car and run away but was stopped by appellant, who informed deceased he would have to put handcuffs on him if he did not behave. In attempting to put the handcuffs on deceased appellant, holding a cocked pistol in one hand, grabbed one of the hands of the deceased and made more than one effort to fasten the handcuffs on deceased, but the deceased avoided his efforts by moving his arms. In the scuffle which ensued the pistol was discharged, the ball striking Lockard in the head and causing his death. There was evidence for the Commonwealth tending to show that appellant deliberately took aim and shot deceased and that the shot was not the result of accident or mere negligence, while appellant and his witnesses gave evidence to prove that the shot was accidental, resulting from the wrongful act of deceased.

The court instructed the jury that if it believed from the evidence beyond a reasonable doubt that appellant unlawfully, feloniously and wilfully shot and killed James T. Lockard with a pistol, a deadly weapon, or that he at said time and in said county handled his pistol in a wanton, reckless or grossly careless manner and said pistol was by reason thereof discharged, when the defendant knew that the same was dangerous to the life of said Lockard when used in the manner in which he was handling it, and the said Lockard was killed thereby, to find the defendant guilty of voluntary manslaughter. By the second instruction the jury was directed, if it believed

from the evidence beyond a reasonable doubt that appellant within twelve months before the finding of the indictment, wilfully drew and pointed his pistol at Charles T. Lockard with no intention of shooting and killing said Lockard, and said pistol was discharged by defendant through the careless use or handling the said weapon by defendant, and said Lockard was shot thereby and killed, to find appellant guilty of involuntary manslaughter. The third instruction told the jury that appellant was a deputized officer of the United States government, authorized to make arrests for violations of the prohibition laws, and if the jury believed from the evidence that at the time appellant arrested Lockard the said Lockard was engaged in the violation of the United States prohibition laws by *unlawfully* transporting liquor, and that such violation of the law was in the presence of the defendant Montford and that said Montford had knowledge of the same at the time, then he was authorized to and it was his duty to arrest the said Lockard, and if in so arresting him or in attempting to arrest him the said Lockard so acted as to give defendant Montford reasonable grounds to believe and he did in good faith believe that the said Lockard probably intended to resist the said officer by force or assault, then the said defendant Montford had the right to present his pistol at the said Lockard, and it was lawful for him to do so for the purpose of intimidating the said Lockard; and if under such circumstances the said pistol was discharged without negligence on the part of the defendant, the jury should find him not guilty.

Complaint is made of the third instruction on two grounds: (1) That it submitted a purely legal question to the jury; (2) it failed to inform the jury that appellant was a deputized Federal officer and had the right to arrest Lockard *without a warrant* if he found him in the act of violating the prohibition laws. We think there is some merit in the first contention but none in the second, inasmuch as the instructions did tell the jury that appellant was a deputized enforcement officer. That part of the instruction which submitted the legal question reads:

"If you believe from the evidence that at the time he (Montford) arrested the deceased Lockard the said Lockard was engaged in the violation of the prohibition laws by *unlawfully* transporting liquor, etc." This submitted to the jury the question of the legality of the transportation of whiskey in which deceased was engaged at the time of his arrest, instead of telling the jury what was an

unlawful transportation of liquor. This part of the instruction should have read somewhat like this: "If you believe from the evidence that at the time Montford arrested the deceased Lockard the said Lockard was engaged in the violation of the United States prohibition law by transporting liquor without a permit from the proper Federal officers so to do, and these facts were known to the officer Montford, and said liquors were not being transported for sacramental, medicinal, scientific or mechanical purposes, etc." We have frequently held that it is reversible error for the trial court to submit a material legal question to the jury or to submit a question involving both the law and fact. Hobson on Instructions to Juries, p. 13; Whitehouse Cannel Coal Co. v. Wells, 25 Ky. L. R. 60; C., N. O. & T. P. Ry. Co. v. Evans' Admr., 129 Ky. 152. But in view of the conclusive evidence showing that appellant and those acting with him did not know of a certainty that Lockard was transporting liquor at the time they sought to arrest him, nor at the time of the shooting which caused Lockard's death, but that said officers had but a mere suspicion of Lockard's guilt, the appellant was not authorized to make any arrest without a warrant, and the whole of instruction number three should have been omitted. The question of whether he was transporting liquor lawfully or unlawfully did not and could not enter into the question, for Montford and his associates were not authorized to make an arrest without a warrant unless a public offence was committed in their presence and with their knowledge, and none having been committed to their knowledge no arrest was authorized. This is our long established rule. Criminal Code, section 36; Commonwealth v. Riley, 192 Ky. 152; Rawley and Spivey v. Commonwealth, 191 Ky. 401. It follows, therefore, that it is wholly immaterial that instruction No. 3 submitted a legal question to the jury and failed to tell the jury that appellant Montford had the right to make an arrest without a warrant. He was not prejudiced thereby. In truth, the court was not authorized, under the evidence, to give an instruction informing the jury that appellant had the right to make an arrest without a warrant, or to make an arrest in any event except with a warrant or after a public offense had been committed in his presence, if a misdemeanor, with his knowledge. As given the instruction was more favorable to appellant than the law warranted.

.(2). For the reasons above stated, we do not think there is any merit in the second objection made by appellant to instruction No. 3, based upon its failure to say, in addition to the other things contained therein, that appellant had a right to make an arrest without a warrant. As it is admitted that deceased was unlawfully transporting a large quantity of moonshine liquor at the time he was apprehended and that he attempted after his arrest to make a "get away," and thus compelled the officer to attempt to shackle him, and when this was going on so moved, held and manipulated his arms as to prevent the officer from accomplishing his purpose, and the fatal shot was discharged in the ensuing scuffle, the propriety of the prosecution is doubtful even though there was evidence to carry it to the jury and sustain the verdict. The submission by the trial court of the legal question of whether deceased was transporting intoxicating liquors in violation of law to the jury was harmless and, therefore, not reversible error.

Judgment affirmed.