**HOLLINSWORTH et al.**

**v.**

**TRAUBAUGH et al.**

Court of Appeals of Kentucky.

May 14, 1954.

Richardson & Barrickman, Glasgow, for appellants.

Paul Carter, Tompkinsville, for appellees.

CLAY, Commissioner.

In this workman's compensation case the Board made an award to the widow and children of the deceased employee. Appellants contend there was no competent evidence to support the finding of the Board that the employee's death was caused by an accident.

The employee had been working for appellants in cutting timber. On the day of the alleged accident he was sawing a tree with another employee, using a heavy chain saw. What happened is thus stated by the fellow employee:

"Well, we was down there sawing a tree down, and it got about half sawed down, and Fobie put his hand on his side, and said he tore something loose in his side. Then he just hunkered down there and spit out a mouth full of blood."

From that time on he experienced severe intestinal hemorrhages until his death a week later. No autopsy was performed, and according to the medical testimony, it could not be ascertained precisely what was the cause of the employee's death. It is contended by appellants that the employee may have had peptic ulcers or tuberculosis and that his death may as well be attributed to a disease as to an accident.

A contention is also made that the testimony of lay witnesses to the effect that the employee was a strong able-bodied man with no apparent ailments was incompetent.

It seems clear from the testimony of the fellow employee above quoted and from other testimony introduced that the Board had before it substantial evidence upon which to base a finding that the deceased employee was involved in an accident and suffered an injury at the time he started hemorrhaging. The fellow employee's statement with respect to what the deceased said was competent as a part of the res gestae. See Roberts v. Louisville Ry. Co., 168 Ky. 230, 181 S.W. 1131.

Likewise the evidence concerning the apparent good health of the deceased prior to the incident was competent. See Blue Diamond Coal Co. v. Neace, 303 Ky. 519, 198 S.W.2d 223.

We know of no rule of law which would require appellees to prove beyond question by medical testimony that the apparent accident was the cause of the employee's death. We think, this case falls within the rule announced in Ellis v. Litteral, 296 Ky. 287, 176 S.W.2d 883, which is to the effect that when death follows soon after an injury to an able-bodied man a presumption arises that the death was caused by the injury. The Board had sufficient substantial evidence to support its finding, and we therefore have no authority to disturb it.

The judgment is affirmed.