**BLUE DIAMOND COAL COMPANY,**
Appellant,

v.

**Martha E. GAYHEART, etc., et al.,**
Appellees.

Court of Appeals of Kentucky.

March 9, 1962.

Maxwell P. Barret, Hazard, for appellant.

Calvin N. Manis, Hazard, for appellees.

STEWART, Chief Justice.

This is an appeal from the judgment of the Perry Circuit Court affirming an award to appellees, Martha Gayheart and two of her children, of workmen's compensation payments adjudged due them because Tilden Gayheart, husband of Martha and father of the children, died as a result of injuries sustained by him while in the employ of appellant, Blue Diamond Coal Company.

Tilden Gayheart was injured in appellant's mine on October 28, 1959, when a piece of rock (5 feet x 8 to 10 inches) fell and pinned him to the floor. At the hospital his discovered injuries included a bruise and a broken vertebra. He stayed at the hospital for thirteen days, was fitted with a back brace when released, and sent home to convalesce. On December 20, 1959, he died.

Martha Gayheart, his widow, filed an application for workmen's compensation benefits on behalf of herself and her two children and introduced evidence to be heard in support of this claim. Appellant company introduced no proof. As shown above, an award was made in favor of the claimants. The sole question presented to the circuit court, when it reviewed this proceeding, and on this appeal, is whether the evidence supports the finding of the Workmen's Compensation Board that Gayheart's death was a direct result of the injuries he received on account of the accident at appellant's mine.

The lay testimony, given by Martha Gayheart, by two men who were present at the time of her husband's death, and by a co-worker of the deceased was that Gayheart had been hale and hearty and a regular employee of appellant for ten years past; that from the day of the accident he became practically incapacitated, so that he was unable to leave his bed without the brace; that he lost weight, had a swollen stomach and was in constant pain; that he passed dark clots of blood from his bowels; and that his condition did not improve but he remained "hollow-eyed" and pale.

On the day of his death, he was dressed by his wife. He then sat on the side of his bed and began talking to two friends.

Suddenly he clapped his hands, fell back on the bed, and died within ten minutes. Gayheart's stomach was swollen at the time, according to the testimony of those present. No doctor was with him when he passed away and no autopsy was performed.

The medical testimony was given by Dr. W. F. O'Donnell, Jr., who treated Gayheart at the hospital, prescribed the brace, and saw Gayheart twice at his office between the time of his discharge from the hospital and his death. The doctor testified his examination of Gayheart at the hospital revealed slightly elevated blood pressure and some calcification in the abdominal aorta; and that these symptoms were indicative of heart disease. Also, his opinion as to the possible cause of death, based upon a description given to him of the way Gayheart died, was that a heart attack had occurred. He stated, furthermore, than when he first examined Gayheart his heart sounds were normal. He thought the dark-clotted blood that appeared in his bowel movements was due to hemorrhoids. Nevertheless, Dr. O'Donnell was reluctant to state the cause of Gayheart's death without having first-hand knowledge.

Appellant strongly insists no connection exists between the death of Gayheart and his injury of October 28, 1959. The Workmen's Compensation Board held that, although the exact cause of Gayheart's death was not conclusively proven, it could be presumed his death was the outcome of his injury. It reasoned that he was a normally healthy and able-bodied person until he received the injury in question, which was of a substantial nature, that he gradually grew worse as a result thereof, and that death ensued soon thereafter.

The case of Ellis v. Litteral, 296 Ky. 287, 176 S.W.2d 883, was relied upon to support this position. In that case, Litteral while working for Ellis was struck on the back and possibly on the head and

knocked unconscious by a falling gin pole. When taken to the hospital and examined, it was found his seventh and eighth thoracic vertebrae were fractured. He remained in the hospital thirteen days when he was placed in a cast and permitted to return to his home. The cast was removed after five weeks and he was allowed to travel, but a large portion of his time was spent lying down. While on the trip, he became ill, was hospitalized and died on August 13th following his injury on June 11th. The cause of his death was not determined.

It was revealed that Litteral was an able-bodied man before his injury and, thereafter, as a consequence of his condition he suffered continuously and grew gradually worse. The Workmen's Compensation Board found Litteral's injury from the accident produced his death and the circuit court confirmed this holding. Upon an appeal to this Court reversal was sought on the sole contention that Litteral's death did not directly grow out of the accident. In its opinion this Court said (176 S.W.2d pp. 885, 886):

"Where the burden of proof is on plaintiff to prove the probable cause of death, such burden does not cast upon him the necessity of disproving every other suggested cause. 71 C.J. Sec. 879, pp. 1069–1070. And where death follows soon after the injury of an able-bodied man, a presumption arises that the death was caused by the injury in the absence of other than conjectural testimony to the contrary. 71 C.J. Sec. 863, p. 1061. The evidence clearly shows the deceased to have been an unusually able-bodied man for thirteen years previous to his injury, and that the symptoms he complained of from the time of injury up to the very moment of his death were continuous, and gradually grew worse."

The case at bar is closely analogous factually to Ellis v. Litteral, supra, and

we believe the holding there controls our determination of the case before us. The evidence does not establish the cause of death of Gayheart, other than his injury of October 28, 1959. It further discloses that prior to his injury Gayheart was a strong and stout man; that he was temporarily sick only once, when he had a kidney stone; and that before the mishap he worked regularly at manual labor. After his injury, which caused him to be hospitalized, he never regained his strength and vigor but, on the contrary, lost weight and seemed to grow progressively worse. His death occurred relatively soon after the injury and without a proven intervening cause.

It is our opinion the presumption stated in Ellis v. Litteral, supra, is applicable to this case. The circumstances before, at the time of, and after the accident established an almost airtight causal connection between the happening of the accident and the death of Gayheart. The Workmen's Compensation Board had sufficient substantial evidence to support its finding, and we do not believe we should disturb it. See also Hollinsworth v. Traubaugh, Ky., 268 S.W.2d 431.

Wherefore, the judgment is affirmed.